1
2
3
4
5
6
7                       UNITED STATES DISTRICT COURT

8                     SOUTHERN DISTRICT OF CALIFORNIA

9    MARIA DEL RIO ROCIO JIMINEZ          )     Civil No. 10-cv-1528-JAH (NLS)
                                          )
10                       Petitioner,      )
                                          )
     v.                                   )     **ORDER DENYING PETITION FOR**
11                                        )     **WRIT OF HABEAS CORPUS**
     ERIC HOLDER, U.S. Attorney General,  )
12   et. al.,                             )
                                          )
13                       Respondents.     )
                                          )
14   _____)

15

16                            **INTRODUCTION**

17          Petitioner, Maria Del Rio Rocio Jiminez ("petitioner"), through counsel, has filed a

18   petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, seeking to withdraw her guilty

19   plea and vacate her judgment of conviction.  Respondent filed an answer to the petition.  After

20   careful consideration of the pleadings and relevant exhibits submitted by the parties, and for

21   the reasons set forth below, this Court **DENIES** the petition in its entirety.

22

23                             **BACKGROUND**

24          On November 13, 2008, petitioner plead guilty to one count of Inducing and

25   Encouraging Illegal Aliens to Enter the United States and Aiding and Abetting (8 U.S.C.

26   §1324 (a)(1)(A)(iv) and (v)(II)).  Doc. # 1 at 29.  On February 2, 2009, petitioner was

27   convicted and sentenced to 12 months and one day in prison.  Id. at 47-48.

28          Petitioner is a citizen of Mexico and has been a Lawful Permanent Resident of the

United States since 1993.  Id. at 3. On January 19, 2010, the Department of Homeland

Security brought removal proceedings against petitioner under Section 212(a)(6)(E)(i) of

the Immigration and Nationality Act based on petitioner's February 2, 2009 conviction.  Id.

at 52.  Subsequently, petitioner filed an application for cancellation of removal under

Section 240A(a) of the Immigration and Nationality Act.  Id. at 57.  After examination of

the conviction records, the Immigration Court found that petitioner was convicted of an

aggravated felony and thus was ineligible for cancellation of removal.  Id. at 58-59.

Petitioner then moved for a continuance arguing that she would file a writ of habeas corpus.

Id. at 59.  The Immigration Court denied petitioner's motion on the grounds that petitioner

was seeking collateral relief which is not a grounds for which petitioner is entitled to a

continuance.  Id.  On May 3, 2010, petitioner was ordered removed from the United States

to Mexico.  Id. at 60.

On July 23, 2010, petitioner filed the instant petition for writ of habeas corpus

alleging that she was denied the effective assistance of counsel at the time of her guilty plea

in violation of her federal constitutional rights.  Id. at 1. Respondent filed an answer to the

petition on October 16, 2010.  Doc. # 6 at 1.[1]

In the instant petition, petitioner states that she never received advice from counsel

as to the immigration consequences of her plea.  Doc. # 1 at 7.  She argues that her attorney

never told her that alien smuggling is an aggravated felony and that a conviction for the

crime would result in mandatory custody with no deportation relief after her prison

sentence.  Id. at 86. Petitioner claims she is innocent of the charges to which she pled guilty

and would have proceeded with trial had her attorney informed her about the immigration

consequences of her guilty plea.  Id. at 7. Furthermore, she claims she could have tried to

negotiate with the United States Attorney for a disposition involving 8 U.S.C. §4 -

misprision of felony - which the Board of Immigration Appeals has held is not an aggravated

felony and would thus make her eligible for cancellation of removal.  Id. at 7-8.

---

[1]  On November 24, 2010, petitioner filed a traverse, but it was rejected.  The Court rejected petitioner's traverse because it exceeded the length restrictions and was not signed.  Petitioner did not seek to re-file the traverse.

1

2                                    **<u>DISCUSSION</u>**

3

4    **I.        §2241 Petition**

5

6              Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. §2241.  <u>Id.</u> at

7    21.  However, in its response, the Government characterized the petition as a §2255.  Doc. #

8    6 at 1.  For the reasons below, the Court finds this petition is properly characterized as a §2241

9    petition.

10             A §2255 habeas petition is available for "a prisoner in custody under sentence of a court

11   established by Act of Congress claiming the right to be released upon the ground that the

12   sentence was imposed in violation of the Constitution or laws of the United States . . . " 28

13   U.S.C. §2255.  <u>See</u> <u>also</u> <u>Daniels v. United States</u>, 532 U.S. 374, 377 (2001)(explaining that

14   Section 2255 is a postconviction remedy for federal prisoners in custody under sentence of a

15   federal court.)  Here, petitioner is no longer "in custody under sentence of a court established

16   by Act of Congress."   Petitioner has already served her federal sentence and is awaiting

17   deportation.  Thus, a petition brought under §2255 would be improper.

18             28 U.S.C. §2241 "confers jurisdiction on a district court to issue a writ of habeas corpus

19   when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution

20   or laws or treaties of the United States.'"  <u>White v. Lambert</u>, 370 F.3d 1002, 1006 (9th Cir.

21   2004).  Furthermore, 28 U.S.C. §2241 is also available for defendants in pre-trial detention or

22   who are awaiting extradition.  <u>Id.</u>  Petitioner is no longer serving her federal sentence and is

23   currently in immigration custody awaiting extradition to Mexico.  Based on the foregoing, this

24   Court finds the writ of habeas corpus was correctly filed pursuant to 28 U.S.C. §2241.

25   ///

26   ///

27   ///

28   **II.      Statute of Limitations**

                                              3

Petitioner filed a writ of habeas corpus petition pursuant to 28 U.S.C. §2241 on July 23, 2010.  Doc. # 1 at 1.  Respondent argues that petitioner's habeas petition is untimely since it was filed nearly 18 months after petitioner's sentence.  See Doc. # 6 at 2.  Respondent argues the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitation for both state and federal prisoners to collaterally attack their sentences.  Id. at 5-6. Petitioner did not address the statute of limitations in her petition.

Before AEDPA, no statute of limitations period applied to habeas corpus petitions.  See Day v. McDonough, 547 U.S. 198, 202 n.1.  However, the enactment of AEDPA created a uniform rule in which "a 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State Court."  Id.  AEDPA also created a one-year period of limitation for federal prisoners "in custody under sentence of a court established by Act of Congress."  28 U.S.C. §2255.  Yet, a petition filed under 28 U.S.C. §2241 is not subject to the same one-year statute of limitations as a §2255 petition. White, 370 F.3d at 1008.  Because the one-year limitations period does not apply, the Court finds the instant petition is timely.

## III.  Applicability of Padilla

Petitioner argues that her conviction should be vacated because she was denied effective assistance of counsel when her attorney failed to advise her of the immigration consequences of her guilty plea.  This argument is based on a recent Supreme Court decision, Padilla v. Kentucky. 130 S. Ct. 1473 (2010).  In Padilla, the Court held that counsel must inform a non-citizen client whether a plea carries a risk of deportation and that failure to do so could constitute deficient performance under Strickland v. Washington.  Padilla, 130 S. Ct. 1473, 1486 (2010).

Respondent argues that petitioner cannot find relief under Padilla because Padilla

established a new rule and therefore is not retroactive.  In support, respondent cites to <u>Teague v. Lane</u> for the proposition that a new rule is "one that was not so 'dictated' by precedent in effect when the defendant's conviction became final."  Doc. # 6 at 7.

Petitioner argues that <u>Padilla</u> should be applied retroactively because it did not create a new rule, but "merely clarifies existing law in holding that <u>Strickland</u> applies to the alien criminally accused." Doc. # 1 at 18.  In addition, petitioner contends that "applying <u>Strickland</u> to a particular set of facts does not constitute a new rule because <u>Strickland</u> is the standard for attorney ineffectiveness."  <u>Williams v. Taylor</u>, 529 U.S. 362, 390-391 (2000).

To determine whether <u>Padilla</u> created a new rule and whether it may be retroactively applied in cases on collateral review, the Court looks to the Supreme Court's reasoning in <u>Teague</u>.  In <u>Teague</u>, the Supreme Court discussed how to determine when a newly announced rule applies to cases on collateral review.  <u>See Teague v. Lane</u>, 489 U.S. 288, 301 (1989). "Under the <u>Teague</u> framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." <u>Whorton v. Bockting</u>, 549 U.S. 406, 416 (2007).  The Court held in <u>Teague</u> that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." <u>Teague</u>, 489 U.S. 288 at 301.  Furthermore, the Court held that a case announces a new rule if "the result was not dictated by precedent existing at the time the defendant's conviction became final." <u>Id.</u>

There have been inconsistencies in the district courts as to whether <u>Padilla</u> created a new rule and whether the rule can be retroactively applied to cases on collateral review.  The Ninth Circuit has yet to decide this issue.

In <u>United States v. Hubenig</u>, the district court concluded that <u>Padilla</u> did not establish a new rule under the <u>Teague</u> analysis and therefore should be applied retroactively. 2010 U.S. Dist. LEXIS 80179, at *21 (E.D. Cal. Jul. 1, 2010).  The court found that the issue in <u>Padilla</u> was whether the defense counsel's performance "fell below an objective standard of reasonableness" - the first prong of the <u>Strickland</u> test.  <u>See Padilla</u>, 130 S. Ct. at 1482.  The

5

court in <u>Hubenig</u> recognized that the rule in <u>Strickland</u> has become an "old, well-established rule of law." <u>Hubenig</u>, 2010 U.S. Dist. LEXIS 80179, at *14.  However, if the "rule in question is one which of necessity requires a case-by-case examination of the evidence, then we can tolerate a number of specific applications without saying that those applications themselves create a new rule." <u>Id.</u> (citing <u>Wright v. West</u>, 505 U.S. 277, 308-309 (Kennedy, J., concurring)).  Additionally, the <u>Hubenig</u> court observed "the Supreme Court has issued a number of relatively recent opinions applying the <u>Strickland</u> test in a variety of different factual contexts; none of these cases has been afforded new rule status under <u>Teague</u>." <u>Id.</u> at *15.  The court in <u>Hubenig</u> thus concluded that "specific applications of <u>Strickland</u> do not generally establish a new rule for purposes of <u>Teague</u>." <u>Id.</u>  A court in this district also followed the reasoning in <u>Hubenig</u>, concluding that <u>Padilla</u> did not establish a new rule under <u>Teague</u> and should be applied retroactively.  <u>See</u> <u>Luna v. United States</u>, 2010 U.S. Dist. LEXIS 124113, at * 8.

In accord with <u>Hubenig</u> and <u>Luna</u> is <u>Song v. United States</u>, wherein the district court recognized that "the Ninth Circuit explicitly applied the <u>Padilla</u> standard to a guilty plea entered prior to the Supreme Court's issuance of the decision" in <u>United States v. Bonilla</u>, 637 F.3d 980, 982-984 (9th Cir. 2011).  2011 U.S. Dist. LEXIS 68465, at *7, n.1. (C.D. Cal. June 27, 2011).  Furthermore, the court in <u>Song</u> recognized that the "Supreme Court expressly contemplated retroactive application when it decided <u>Padilla</u>." <u>Song</u>, 2011 U.S. Dist. LEXIS 68465, at *7, n.1.  The court noted that the <u>Padilla</u> court "devoted several pages of its opinion to assuaging the government's fears that its ruling would open the 'floodgates' to new litigation challenging prior guilty pleas." <u>Song</u>, 2011 U.S. Dist. LEXIS 68465, at *7, n.1 (citing <u>Padilla</u>, 130 S. Ct. 1473 at 1484-85).[2]  Based on this statement, the <u>Song</u> court found "if the Court intended <u>Padilla</u> to apply only prospectively, the entire 'floodgates' discussion would have been

---

[2]  In its "floodgates" discussion, the <u>Padilla</u> court explained that it was unlikely that its ruling would have a significant effect on convictions resulting from plea bargains because plea agreements are less frequently the subject of collateral challenges than convictions that are obtained after trial.  <u>See</u> <u>Padilla</u>, 130 S. Ct. 1473 at 1485.  The <u>Padilla</u> Court also noted that plea agreements account for about 95% of criminal convictions, but only account for about 30% of habeas petitions filed. <u>Id.</u>

unnecessary." <u>Song</u>, 2011 U.S. Dist. LEXIS 68465, at *7, n.1 (citing <u>Hubenig</u>, 2010 U.S. Dist. LEXIS 80179).

In contrast, the district court in <u>Mendoza v. United States</u> concluded that <u>Padilla</u> constituted a new rule under <u>Teague</u> and was not applicable on collateral review.  2011 U.S. Dist. LEXIS 35331, at *14 (E.D. Va. Mar. 24, 2011).  The court in <u>Mendoza</u> reasoned that the result in <u>Padilla</u> "was not dictated by precedent existing at the time [petitioner's] conviction became final." <u>Id.</u> Furthermore, the <u>Mendoza</u> court reasoned that <u>Padilla</u> overruled "the longstanding and unanimous position of the federal courts . . . that reasonable defense counsel generally need only advise a client about the direct consequences of a criminal conviction." <u>Id</u>.

This Court agrees with the reasoning set forth in the <u>Hubenig</u>, <u>Song</u>, and <u>Luna</u> line of cases and finds that <u>Padilla</u> did not announce a new rule of law, but rather clarified the existing law under <u>Strickland</u>.  Since <u>Padilla</u> did not announce a new rule of law, it may be applied retroactively.

**V.     Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>,  the Supreme Court held that "a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components."  466 U.S. 668, 687 (1984).  The first component is that defendant must show that counsel's performance was deficient. <u>Id.</u>  The second component is that the defendant must show the deficient performance prejudiced the defense. <u>Id.</u>

A.  Deficient Performance

Deficient performance requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> Petitioner argues that her attorney failed to inform her of the immigration consequences of her

guilty plea.  In addition, she argues that her attorney never told her that alien smuggling is an aggravated felony and that she faced almost certain deportation by entering the plea.  As stated above, in <u>Padilla</u> the Supreme Court held that counsel must inform a non-citizen client whether a plea carries a risk of deportation and that failure to do so could constitute deficient performance under <u>Strickland</u>.  However, the only evidence offered by petitioner to support her claim is her own declaration.  The Court does not need to decide whether that evidence is sufficient to meet the first prong of <u>Strickland</u> because even if the Court finds petitioner's counsel was deficient, petitioner has not established prejudice.

B.  Prejudice

"In the context of a plea, a petitioner satisfies the prejudice prong of the <u>Strickland</u> test where 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  <u>Song</u>, 2011 U.S. Dist. LEXIS 68465, at *10. (internal citations omitted).  Petitioner states that had she been "properly advised, she might well have been able to negotiate an immigration-safe disposition" or in the alternative she "would surely have proceeded to trial."  Doc. # 1 at 17.

The Court notes, however, that petitioner's plea agreement contained a section titled "Stipulated Removal" which stated:

> "If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order." Doc. # 1 at 42.

Petitioner signed her plea agreement certifying that she fully understood its meaning and effect. Additionally, at the plea hearing, the Court informed petitioner that she could be deported as a consequence of entering a guilty plea.  <u>See</u> Doc. # 6 at 19 (The Court: "And for everyone other than Ms. Lomeli, because you're not a United States citizen, in addition to the penalties

1    I've told you about, you are also likely to be deported.  Do the other defendants other than Ms.

2    Lomeli understand that?"  The Interpreter: "Yes as to each.")

3              Given that petitioner's plea agreement specifically included a stipulation referencing

4    removal from the United States and the District Court's plea colloquy which explained that

5    petitioner was likely to be deported, petitioner cannot demonstrate that her counsel's failure

6    to advise her of the immigration consequences of her guilty plea prejudiced her.  See United

7    States v. Davis, 428 F.3d 802, 804 (9th Cir. 2005); see also United States v. Anglin, 215

8    F.3d 1064, 1067(9th Cir. 2000); see also Marroquin v. United States, 2011 U.S. Dist.

9    LEXIS 11406, at * 9 (S.D. Tex. Feb. 4, 2011)(explaining that even if petitioner's attorney

10   failed to advise her of the risk of deportation, petitioner still failed to show prejudice under

11   Strickland because the Court made certain she understood the risk of deportation during the

12   plea colloquy).[3]  Thus, petitioner's sole claim for ineffective assistance of counsel is

13   dismissed and petitioner is not entitled to relief under 28 U.S.C. §2241.

14                                    **CONCLUSION**

15             Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of

16   habeas corpus pursuant to 28 U.S.C. §2241 is **DENIED.**

17

18   Dated:        August 19, 2011

19                                                        _____

20                                                        JOHN A. HOUSTON
                                                         United States District Judge
21

22

23

24

25

26        [3]  Respondent argues that petitioner waived her right to collaterally attack her sentence as part of her
     plea agreement because the waiver was knowingly and voluntarily made.  The Court does not address whether
27   petitioner waived her right to collaterally attack her conviction because the Court finds petitioner is not
     entitled to relief on other grounds.
28                                            9